## GAFFNEY *v.* GAFFNEY.

(Decided January 14, 1929.)

*Messrs. Cull, Burton & Laughlin,* for plaintiff in error.

*Messrs. Cline & Patterson* and *Mr. John A. Smith,* for defendant in error.

SULLIVAN, P. J. This is a proceeding in error from the court of common pleas of Cuyahoga county, and it is here sought to reverse the judgment of the court below on the doctrine of *res judicata* and the nonjurisdiction of the court of common pleas to distribute or award property to the defendant in error, James F. Gaffney.

It appears that the parties to this litigation lived together many years and raised a family who are now grown up and during this time there was accumulated some $200,000 worth of real estate, which the husband had placed in the name of his wife, Alice Gaffney, and there is credible evidence in the record to show that the major portion of it was due to the good judgment, industry, and activity of the defendant in error, while it is also true that the plaintiff in error did her part as a wife and mother in the accumulation and saving of the property.

Without going into the details of the record, it appears that this court, in a prior hearing, had decided that the legal title to all of the real estate in question was in the name of the wife, and put there for various reasons which were preservative of the future independence of the family and a protection to the defendant in error in his various dealings of a business nature, which were extensive and numerous enough to warrant care and caution upon his part, to the ultimate end that he and his family might be free from want and have the comforts and luxuries of life in their old age.

Subsequent to the holding of this court that the legal title was in the wife's name, an action was begun in the court of common pleas by the defendant in error James F. Gaffney for divorce and alimony, and, later on, an answer and cross-petition were filed by the plaintiff in error, and, as a result of this hearing, a divorce was granted the wife, and out of her property, held by this court at the former hearing to be hers in fee simple, a piece of property known as the Rutland Apartment property in Cleveland, Ohio, was given to the husband, upon the

theory that upon the divorce of the parties the court had authority under the statutes to make such division of the property as the facts and the law warranted.

It is claimed that, inasmuch as this particular property known as the Rutland Apartment was one of the properties in which this court had formerly held the legal title to be in the wife, under the doctrine of *res judicata* the court committed a serious error, and it is claimed that this is one of the grounds upon which the judgment should be reversed.

There is no question that this court held that the legal title to the Rutland Apartment, as well as to the other properties included in the former action, was in the wife, and beyond the power of the grantor to reclaim under the record in that case. But this status, established by this court, which it is claimed raised the question of *res judicata,* did not, in our judgment, preclude the court of common pleas, upon the granting of a divorce, from decreeing that the Rutland Apartment should become the property of the defendant in error, for the reason that it is apparent from the record that it was so done under the statute which relates to alimony of a husband who has no property of his own, who is comparatively destitute, and where the wife herself has sufficient property, and this is especially true where it has been accumulated by mutual efforts.

Of course, the question is raised that the husband is not destitute, and that he is earning sufficient money to provide for himself, and that, therefore, the evidence is insufficient to warrant the conveyance of the Rutland Apartment ordered by the

court, but it must be observed that there is evidence in the record that shows the serious ill health of the husband, a fact which the court had the right to take into consideration in order to determine how much property would be needed for the balance of the husband's probable life to meet the necessary demands of a person whose health is in a precarious condition, and we do not think, when we take into consideration the fact that the activity, industry, and judgment of the husband were the main cause of the accumulation of the property, that the award and distribution to the husband, upon the ultimate separation, was such an excessive amount that there was an abuse of sound discretion.

It is claimed that the court had no jurisdiction to divide the property, or to grant an award of any to the husband, because of the fact that, legally speaking, there was no divorce that could be granted by reason of the decree having been entered upon the cross-petition of the wife before the expiration of six weeks from the date of the service of summons, as provided by statute, but, when we come to examine the record, we see that the suit for divorce was begun by the husband, and that service of summons and copy of the petition were duly served upon the wife, under the statute, and that thereafter she filed an answer to the proceedings and subsequently the answer and cross-petition which formed the basis of the court's decree, and thus many weeks had expired from the service of summons and copy of petition upon the wife before the decree of divorce was granted her.

It is unquestionably true that the statutes are mandatory, requiring that six weeks should elapse

from the date of the first publication and from the service of summons and copy of petition, and the purpose of the Legislature undoubtedly was that on the grounds of public policy a period of six weeks might be such time for contemplation and deliberation by the parties that there might be a renewal of marital relationship, so that the purpose and intent of the Legislature is satisfied and the policy of the law is vindicated, especially in the absence of statute relating to a cross-petition, when a period of six weeks elapses, and especially so in the case at bar, where the wife files her pleadings, sues for a divorce, and the cause is heard long after the period of six weeks has elapsed.

The logic of this view, especially in the case at bar, is incontrovertible, when we consider that it is the wife herself who is seeking to reverse the judgment, when by her own act she entered court by proper pleadings, and engaged in the hearing for divorce, in which case the prayer of her petition was granted. It is rather anomalous and incongruous under this situation that a reviewing court should base error upon such a status in the record.

It is our unanimous judgment that the statute relative to the period of six weeks was fully and substantially complied with, even though six weeks had not fully elapsed after the filing of the cross-petition or service thereon, as the statute provides. It is either the intent of the Legislature to provide six weeks for a possible reconciliation, or to establish such a period as sufficient time to give notice to the defendant in a divorce action to permit of proper preparation of his case, but it is the court's opinion that the purpose of the Legislature in creat-

ing the period of six weeks, a much longer period than that which is 'required in ordinary cases, was to create a status which might reunite, instead of separate, the family.

Holding these views, the judgment of the lower court in the error case is hereby affirmed.

*Judgment affirmed.*

VICKERY and LEVINE, JJ., concur.